UNITED STATES of America,
Plaintiff—Appellee,

v.

Patrick J. BACON, Defendant—
Appellant.

No. 05–30054.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2005.*

Decided Dec. 14, 2005.

Aine Ahmed, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

Christina L. Hunt, Esq., FPDWA—Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: GOULD and BERZON, Circuit Judges, and SCHWARZER,** District Judge.

MEMORANDUM ***

Patrick Bacon appeals from his sentence for one count of armed bank robbery in violation of 18 U.S.C. §§ 2113(a), (d). Bacon committed his crime and entered a plea agreement before the Supreme Court decided *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), but was sentenced two days after *Booker* was decided. Bacon makes three arguments about why his sentence was unconstitutional. We do not agree with any of them, and so affirm.

■ First, Bacon claims that his post-*Booker* sentence violates the Ex Post Facto Clause. This challenge fails, however, because the Ex Post Facto Clause does not apply to judicial interpretations of statutes. *See Marks v. United States*, 430 U.S. 188, 191, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977); *United States v. Ruiz*, 935 F.2d 1033, 1035 (9th Cir.1991).

■ Second, Bacon contends that his post-*Booker* sentence violates the ex post facto component of the Due Process Clause. This challenge is, however, foreclosed by *United States v. Dupas*, 419 F.3d 916 (9th Cir.2005), which held that the "retroactivity principles of the Fifth Amendment's Due Process Clause" do not preclude the retroactive application of *Booker*. *Id.* at 918.

■ Third, Bacon argues that his sentence violates his Sixth Amendment right to a jury trial because the district judge increased his sentence on the basis of extra-verdict facts. Bacon probably waived his right to appeal this issue in the plea agreement. Even if he did not, it is clear that Bacon's sentence did not violate the Sixth Amendment. Under *Booker*, judicial factfinding under an advisory Guidelines regime does not violate the Sixth Amendment. Bacon was sentenced post-*Booker*, and the district court explicitly recognized that the Guidelines are advisory, not mandatory.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.